# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MOHAMED IBRAHIM,

       Petitioner,    :    Case No. 2:21-cv-5065

- vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Madison Correctional Institution,

    :

       Respondent.

## ORDER FOR AMENDED REPLY

This is a habeas corpus case is before the Court for decision on the merits. Upon reading Petitioner's Reply, the Magistrate Judge notes the following details which must be corrected.

First of all, the Reply does not comply with S. D. Ohio Civ. R. 5.1(c) which provides:

> **Electronic Filing**. Except as provided herein or unless otherwise authorized by a Judge, all documents shall be filed electronically as a searchable text PDF using the ECF system except that documents filed by pro se litigants may be filed on paper.

The Reply is not a searchable text PDF. Petitioner must file an amended reply that conforms to S. D. Ohio Civ. R. 5.1(c).

Second, the attention of Petitioner's counsel is called to S. D. Ohio Civ. R. 7.2(b)(3) which provides:

> **Record Citations.** Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that

1

> reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number of the document referenced (e.g., Motion to Dismiss, ECF No. 12 at PageID 123).

The Reply relies heavily on the premise that this Court should decide *de novo* relevant and material factual questions which the Ohio Tenth District Court of Appeals did not decide (Reply, ECF No. 18, PageID 2052-53). Prior to stating this premise, Petitioner quotes verbatim most of the dissenting opinion of Judge (now Justice[1]) Brunner (Reply, ECF No. 18, PageID 2043, *et seq.* quoting *State v. Ibrahim,* 2020-Ohio-3425 (Ohio App. 10th Dist. Jun. 23, 2020) at ¶¶ 105-19, the last state court opinion in the case, which largely consists of Judge Brunner's disagreements with her colleagues on the facts.

Evidently intending to base his argument on overturning the Tenth District's factual decisions, Petitioner then begins his argument "Petitioner has specifically identified witnesses who had exculpatory testimony to present on his behalf." (Reply, ECF No. 18, PageID 2054.) One would expect to see next a list of the witnesses with references to the place(s) in the State Court Record where the identifications are to be found. Nothing of the kind occurs. The next two sentences are statements of propositions of law about how failure to investigate can cponstitute ineffective assistance of trial counsel.

The next paragraph reads in part:

> While counsel has attempted to shift the blame for his inadequate preparation to Petitioner, the record belies his assertions. In the first place, he stated that he had failed to investigate based on Petitioner's erroneous conclusion that the State's witnesses would not be appearing, yet counsel further testified that he had been alerted to the fact that witnesses would be appearing to testify. (Mar. 6, 2017 Postconviction Hearing, pp. 46-47) Although he had time to conduct interviews and a proper investigation of the case, counsel still opted

---

[1] Surprisingly, Petitioner refers to this opinion as "**his** well-reasoned dissent." (Reply, ECF No. 18, PageID 2059) Justice Brunner is female and the Ohio Supreme Court's website uses the traditional female pronoun to refer to her.

> not to engage in an independent investigation of Petitioner's case.
> (Mar. 6, 2017 Postconviction Hearing, p. 66).

(Reply, ECF No. 18, PageID 2054).  The correct citations to these two places in the record are State Court Record, ECF No. 8-3, PageID 1764-66 and PageID 1785.  The reason for requiring use of the PageID form of citation is that that page number is unique in the record, enabling the reader to check the citation efficiently, rather than having to calculate where the citation is from.

In the next paragraph, Petitioner claims "counsel's assertion that Petitioner did not communicate his (Petitioner's) side of the story was contradicted by the trial transcript in which defense counsel's opening and closing statements explained Petitioner's version of the events in detail."  (Reply, ECF No. 18, PageID 2055).  But as a reference, counsel cites Judge Brunner's dissent which is her evaluation of what the record shows, rather than the record itself.  Her evaluation may well be correct, but Petitioner has asked this Court to review the evidence *de novo*.

Petitioner next asserts:

> The record demonstrates that there was quite a bit of exculpatory evidence that defense counsel had not made a strategic decision to use or exclude as, other than speaking with Petitioner and reviewing discovery, he had done nothing, despite being alerted to the need to investigate further.

(Reply, ECF No. 18, PageID 2057.)  Where does the record demonstrate this conclusion?  What exculpatory evidence is being referred to?

Corrected record references are necessary to enable efficient judicial review of the record.  Much more importantly, the case shapes up as a contest between the majority opinion on the second postconviction appeal and Judge Brunner's dissent.  Ibrahim's sole ground for relief is that he received ineffective assistance of trial counsel (Petition, ECF No. 1, PageID 7). The Ohio Tenth District Court of Appeals decided that question on the merits.  To prevail, Ibrahim must overcome the presumption of correctness of that conclusion by showing it is contrary to or an objectively

3

unreasonable application of clearly established Supreme Court precedent or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (d)((2).  At the conclusion of his Reply, Ibrahim asks that if the Court does not grant relief on filings already made, it enter an order permitting him to conduct discovery to supplement the record with additional facts relevant to his claims."  Just this last week, the Supreme Court, foreclosed that approach by holding that a habeas petitioner is limited to the state court record in attempting to satisfy § 2254(d).  *Shinn v. Martinez-Ramirez*, 596 U.S. ___, ___ S. Ct. ___, 2022 WL 1611786 (May 23, 2022).  For that reason if no other, the clear presentation of reference to the State Court Record is required.

Accordingly it is hereby ORDERED that not later than June 15, 2022. Petitioner file an amended reply that conforms to S. D. Ohio Civ. R. 5.1(c) and 7.2(b)(3).


June 1, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge