IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mohamed Ibrahim,                                       Case No: 2:21-cv-5065

        Petitioner,                             Judge Graham

v.                                                      Magistrate Judge Merz

Tom Schweitzer, Warden, Madison
Correctional Institution,

        Respondent.

<u>Opinion and Order</u>

Petitioner Mohamed Ibrahim, a state prisoner, brings this action for a writ of habeas corpus under 29 U.S.C. § 2254. A jury found him guilty of crimes stemming from his participation in a 2012 violent armed robbery of numerous Somali individuals who had gathered in an apartment in Columbus. He was convicted in the Franklin County Court of Common Pleas on two counts of felonious assault, one count of aggravated burglary, eleven counts of kidnapping, and eleven counts of aggravated robbery with a firearm specification. Ibrahim received a combined sentence of fifty-seven years imprisonment.

Ibrahim challenges his convictions on the grounds that he received ineffective assistance of counsel. He contends that his trial counsel failed to adequately investigate because he did not interview two potential witnesses. Ibrahim argues that the two witnesses would have offered exculpatory testimony that the robbery had been fabricated as part of an extortion plot.

This matter was referred to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge recommended that the petition be dismissed with prejudice. Ibrahim has filed objections, which are addressed below.

**I.**

A petitioner must make a two-part showing to support a "claim that counsel's assistance was so defective as to require reversal of a conviction." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, petitioner "must show that counsel's performance was deficient," which "requires showing that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, he "must show that the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair

1

trial, a trial whose result is reliable." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

Ibrahim has already presented his federal constitutional claim to the state court, which rejected it on the merits. This means that "to prevail in habeas corpus, Ibrahim must show that the [state court's] decision was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts in light of the evidence presented in the state courts." Doc. 26 at PAGEID 2157; *see also* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100–101 (2011).

## II.

The Magistrate Judge's Report and Recommendation contains a thorough review of the state court record pertaining to Ibrahim's conviction, appeal, and petition for post-conviction relief. After review, the Magistrate Judge found that Ibrahim failed to make the required showings to prevail in habeas corpus.

With respect to counsel's performance, the Magistrate Judge found that Ibrahim did not attempt to refute trial counsel's state court testimony that Ibrahim had refused to cooperate with him. Ibrahim argues that counsel should have interviewed two individuals: Ibrahim's brother and a barbershop owner. Both individuals allegedly had exculpatory evidence to offer regarding an alleged plot to extort Ibrahim. The Magistrate Judge found that it was not deficient performance for trial counsel to have failed to interview the two individuals because a reasonably diligent investigation would not have discovered them as witnesses with potentially relevant evidence. Neither of the individuals were actual eyewitnesses at the scene of the crime, nor did Ibrahim tell counsel that he should talk to them.

Ibrahim's brother testified in the post-conviction proceedings that he chose not to tell Ibrahim's counsel, the prosecutor, or police what he knew of the alleged extortion plot even though he was aware that Ibrahim's case was going to trial. Further, the Magistrate Judge recited the state court's finding that trial counsel had visited Ibrahim eight times in jail in the period leading up to trial, but Ibrahim never suggested that counsel talk to his brother.

Similarly, the barbershop owner testified that he chose not to tell Ibrahim's counsel, the prosecutor, or police what he knew of the alleged extortion plot. And again, Ibrahim did not suggest to his trial counsel that he talk to the barbershop owner.

With respect to prejudice, the Magistrate Judge found that Ibrahim had not made any effort to demonstrate prejudice. Rather, Ibrahim argued that prejudice should be presumed. The Magistrate Judge rejected this argument because it was based on a misunderstanding of the law. The presumption of prejudice applies when counsel is denied or is absent during a critical stage of the proceedings. *See United States v. Cronic*, 466 U.S. 648 (1984). The presumption has no application here because trial counsel was present throughout the proceedings.

### III.

Ibrahim's objections to the Report and Recommendation repeat the arguments he has made before. The Court finds that the Magistrate Judge correctly rejected them.

As to deficient performance, Ibrahim remains unable to show how trial counsel could have reasonably discovered that the brother and barbershop owner had potentially relevant evidence. Ibrahim admitted in the post-conviction proceedings that he "did not know of the alleged extortion attempt until after his trial." *State v. Ibrahim*, 2020-Ohio-3425, ¶ 19. Thus, he could not have told his counsel of these leads. And the record is undisputed that the brother and barbershop owner both chose not to disclose their knowledge of an alleged extortion attempt until well after the trial.

Further, the state court record establishes that Ibrahim thwarted his trial counsel's attempts to prepare his defense. This included Ibrahim refusing to provide counsel with his version of the events and adamantly insisting that the prosecution's witnesses would not come to court. *Id.* at ¶ 20 (determining that Ibrahim "never talked to counsel about any kind of extortion plot" and that trial counsel "repeatedly asked [Ibrahim] to tell him what happened," but Ibrahim "refused, simply stating over and over again that the witnesses were not going to come to court").

As to prejudice, Ibrahim again asserts that a presumption of prejudice should apply. The Court agrees with the Magistrate Judge's analysis and rejection of that argument. *See* Doc. 26 at PAGEID 2160–61.

Ibrahim must demonstrate that the state court's analysis of prejudice was unreasonable. He has not done so. The state trial court carefully determined that the testimony of both the brother and the barbershop owner "lacked credibility" and would not be admissible. The state court of appeals affirmed this determination. *State v. Ibrahim*, 2020-Ohio-3425, ¶¶ 60, 82, 84 (finding that the testimony regarding the purported extortion attempt was "vague and uncertain" and that "even if any extortion attempt did take place, that wouldn't show [that] the robberies didn't occur").

**IV.**

Accordingly, petitioner's objections (doc. 31) to the Report and Recommendation (doc. 26) are OVERRULED, and the Court ADOPTS the Magistrate Judge's recommendation that the petition be dismissed with prejudice.

                                              *s/ James L. Graham*
                                              JAMES L. GRAHAM
                                              United States District Judge

DATE: October 11, 2023